**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUIS JACINTO CHACON, | Case No. 5:26-cv-03294-RAO |
| Petitioner, | |
| v. | **ORDER DENYING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |
| MARKWAYNE MULLIN, *et al.*, | |
| Respondents. | |

## I.   **INTRODUCTION**

On June 15, 2026, Jose Luis Jacinto Chacon ("Petitioner"), represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Andre Quinones, Director, Los Angeles Field Office, Immigration and Customs Enforcement ("ICE"); Fereti Semaia, Warden, Adelanto ICE Processing Center; Todd Blanche, Acting Attorney General; and Todd Lyons, Acting Director of ICE (collectively, "Respondents"). Dkt. No. 1 ("Pet.").

On June 18, 2026, the matter was assigned to the undersigned for final disposition. *See* Dkt. No. 8.

///

## II.    PERTINENT BACKGROUND

Petitioner is a citizen of Guatemala currently detained at Adelanto ICE Processing Center. He was admitted to the United States in June 1989 as a lawful permanent resident and subsequently placed into removal proceedings in 2013 as a result of a drug possession conviction. Pet. at 1; Dkt. No. 1-2 at 1; Dkt. No. 1-3 at 7.

Petitioner was taken into immigration custody in August 2025, as he was being released from San Bernardino County custody where he had been held in connection with local criminal proceedings. Pet. at 2; *see also* Dkt. No. 1-3 at 46–47. According to immigration records attached to the Petition, ICE lodged an immigration detainer against Petitioner in July 2025, seemingly after being notified that Petitioner had been arrested in San Bernardino County on a charge of Criminal Threats which will result in Death or GBI.[1] Dkt. No. 1-3 at 46–47. The Petition details Petitioner's struggle with mental illness, as well as his criminal history, which includes arrests and convictions in addition to his 2025 arrest and conviction in San Bernardino County.[2] Pet. at 1–2.

Petitioner applied for relief from removal in the form of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on his fear of future persecution in Guatemala. Pet. at 2. His applications for relief were denied on April 10, 2026. *Id*. Petitioner filed an appeal of the denial of his request

---

[1] According to the minutes of Petitioner's San Bernardino Count criminal case, he pleaded no contest to the offense of Disturbing by Loud/Unreasonable Noise, Cal. Penal Code § 415(2), and the criminal threats charges were dismissed. Dkt. No. 1-3 at 43.

[2] There is a discrepancy between the Petition and the attached immigration records regarding Petitioner's criminal history. The Petition states that, in addition to the 2025 conviction, Petitioner's only other convictions are misdemeanor convictions for disobeying court orders. Pet. at 1–2. However, the Form I-213 lists convictions for violating court orders to prevent domestic violence (2013); possession controlled substance (1996); exhibiting a deadly weapon/firearm (1992); receiving stolen property (1991); and force/ADW not firearm: GBI likely (1988). Dkt. No. 1-3 at 47.

2

for relief with the Board of Immigration Appeals ("BIA").  *Id*.; Dkt. No. 1-3 at 3. That appeal remains pending.  Pet. at 2.

On February 19, 2026, an immigration judge held a bond hearing pursuant to *Franco-Gonzalez v. Holder* and *Rodriguez v. Robbins*.  Pet. at 7; Dkt. No. 1-3 at 41–42.  The immigration judge denied bond, concluding that Petitioner was a danger to the community and a flight risk.  Pet. at 7–8; Dkt. No. 1-3 at 41.[3]  Petitioner filed an appeal of the bond denial, but the appeal was rejected because of procedural deficiencies.  Pet. at 8; Dkt. No. 1-3 at 4.  Petitioner did not re-file the appeal, believing it to be pointless.  *Id.*

The Petition claims that Petitioner's current detention violates the Fifth Amendment's Due Process Clause (count one), the Immigration and Nationality Act's provisions against arrest without a flight/risk assessment ("INA") (count two), and his due process rights against prolonged detention (count three).  *See* Pet. at 24–26.  Petitioner requests, *inter alia*, immediate release from immigration custody.  *Id.* at 27.

Respondents oppose the Petition, arguing that Petitioner has been provided due process in the form of two bond hearings, including a *Rodriguez*[4] hearing in February 2026, where the government established by clear and convincing evidence that Petitioner is a flight risk and a danger to the community.  *See* Dkt. No. 7 ("Ans.") at 3.  Respondents note that Petitioner elected not to appeal that adverse determination to the BIA and argue that this Court should not excuse the failure to exhaust.  *Id*. at 3–5.

///

---

[3] The Petition also references Petitioner's request for asylum, withholding of removal, and CAT protection, which were denied by an immigration judge on April 10, 2026.  Pet. at 6 (citations omitted).  Petitioner appealed this decision on April 23, 2026, to the Board of Immigration Appeals and that appeal remains pending.  *Id.*

[4] *Rodriguez* bond hearings originate from the class action in *Rodriguez v. Holder*, No. CV 7-3239-TJH (RNB), 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013).

Petitioner filed a Reply on June 25, 2026.  Dkt. No. 9 ("Reply").  The Reply acknowledges that Petitioner did not appeal the immigration judge's denial of bond but argues, *inter alia*, that the Court should waive exhaustion because he raises constitutional challenges to his re-detention and thus exhaustion would be futile. Reply at 2–5.

For the reasons set forth below, the Petition is DENIED IN PART and otherwise DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

### III.    LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally."  *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

### IV.    DISCUSSION

#### A.    Petitioner's Due Process Claims (Count One and Count Three)

The Court finds that Petitioner's due process claims lacks merit.  The immigration records attached to the Petition show that an immigration detainer was placed on his release from San Bernardino County jail while he was pending criminal charges and later serving a sentence.  Subsequently, an immigration judge detained Petitioner on the basis of danger to the community and risk of flight.  Petitioner has not established that detention in these circumstances was impermissible.  *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of the process.").

Courts in this Circuit have held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an immigration judge finds a separate basis for their detention and that basis is unchallenged.  *See Vasquez Garcia*

*v. Hermosillo*, 2026 WL 81783, at *2 (W.D. Wash. Jan. 12, 2026) (concluding that the immigration judge's alternative determination that a petitioner presents a flight risk was an unchallenged legal basis for detention and denying habeas petition); *Aburto Lopez v. Scott*, No. CV 25-2597-TMC, 2026 WL 194234, at *2 (W.D. Wash. Jan. 26, 2026) (same); *Guerrero Espinosa v. ICE Field Off. Dir.*, No. CV 26-34-JHC, 2026 WL 295191, at *2 (W.D. Wash. Feb. 4, 2026) (same); *Rivas Campos v. Chestnut*, No. CV 26-1330-DJC (SCR), 2026 WL 1816190, at *7 (E.D. Cal. June 24, 2026) (similar), *report and recommendation adopted*, 2026 WL 1899541 (E.D. Cal. July 1, 2026).   In other words, if Petitioner's re-detention upon completion of his criminal sentence did constitute a procedural due process violation, that claim has been mooted by the subsequent determination of an immigration judge that he should be held in custody.  *See, e.g., Thiravong v. Scott*, 2026 WL 1382356, at *2 (W.D. Wash. May 18, 2026) ("Even if Petitioner is correct that his redetention violated the applicable regulations and did not provide due process, habeas relief is unavailable because his claims have been mooted by a subsequent, unchallenged basis for detention.").   The legal authority that now supports Petitioner's immediate and continued detention is the immigration judge's February 2026 bond denial.

      **B.**    **Petitioner's Challenge to his Arrest (Count Two)**

Petitioner challenges his arrest under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8.  *See* Pet. 25–26.  The INA permits an immigration officer to arrest a noncitizen without a warrant when the officer "has reason to believe that the noncitizen so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest."  8 U.S.C. § 1357.  The officer must then take the noncitizen without delay before another examining officer.  *Id.*  The examining officer considers, among other things, whether there is prima facie evidence the noncitizen is present in the United States in violation of the immigration laws, and if so, refers the case to an immigration judge.  *See* 8

5

C.F.R. § 287.3(b); *see also* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained.").

Essentially, Petitioner contends that the manner in which the government re-detained him violated the INA and its implementing regulations, rendering his arrest unlawful and entitling him to immediate release.  The Court need not decide whether Petitioner's interpretation of the INA and its implementing regulations is correct. Even assuming, without deciding, that the government failed to comply with the statutory or regulatory requirements governing the initiation of Petitioner's custody, Petitioner has not shown that release from custody is an available remedy. *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." (citation modified)). The Court is not persuaded that the manner of Petitioner's arrest would entitle him to immediate release under these circumstances.  Recent district court decisions addressing similar challenges have reached the same conclusion. *See, e.g., Papikyan v. Semaia*, No. CV 26-1824-SB, 2026 WL 1455139, at *1 (C.D. Cal. May 22, 2026) (concluding that release was not warranted based on the fact that the arrest warrant preceded the NTA); *Urias v. Warden-Facility Adm'r*, No. CV 26-1972-JWH, 2026 WL 1419045, at *1 (C.D. Cal. May 20, 2026) (rejecting claim that release is the proper remedy for a warrantless arrest).

In sum, Petitioner's claim pursuant to 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8 fails.

///

///

6

### C.    Failure to Exhaust Administrative Remedies

To the extent Petitioner's due process claims challenge the February 2026 bond denial itself, Petitioner has a direct administrative remedy: appeal to the BIA. *See* 8 C.F.R. §§ 1003.19(f), 1003.38.  The BIA reviews de novo all "questions of law, discretion, and judgment" from the decisions of immigration judges.  8 C.F.R. § 1003.l(d)(3)(ii).  It also reviews for clear error any findings of fact.  *See id.* § 1003.l(d)(3)(i); *Vitug v. Holder,* 723 F.3d 1056, 1063 (9th Cir. 2013).

Administrative exhaustion is not statutorily mandated under § 2241, but prudential exhaustion may be required when

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted).  "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."  *Leonardo*, 646 F.3d at 1160.

Administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).  "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies."  *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

As a general matter, when a detainee has received a bond hearing before an immigration judge, the detainee may appeal the immigration judge's decision to the BIA if not satisfied with the outcome. *See Leonardo*, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." *Id.* (citation omitted). Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision." *Id.*; *see Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) ("[A] petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. Petitioner had the option to appeal his bond denial to the BIA and failed to execute a procedurally sound appeal. For the reasons set forth below, the prudential exhaustion factors weigh in favor of requiring exhaustion.

First, to the extent that Petitioner is challenging the immigration judge's application of the dangerousness factors and the sufficiency of the evidence supporting the bond denial, BIA review is needed to establish a proper record and reach a decision. *See Hernandez*, 872 F.3d at 988.

Second, Petitioner filed this petition before obtaining BIA review. Reviewing Petitioner's claims before the BIA's review would allow Petitioner to obviate the administrative process and would "disrupt the agency's autonomy and result in unnecessary judicial review of unexhausted claims." *Matevosyan v. Warden, Desert View Annex Det. Facility*, No. CV 24-1570-PA (DFM), 2025 WL 978153, at *4 (C.D. Cal. Feb. 24, 2025) (citations omitted), *report and recommendation adopted*, 2025 WL 975009 (C.D. Cal. Mar. 31, 2025).

Third, the BIA has subject-matter expertise and can correct any errors alleged to have occurred in Petitioner's bond hearing. The BIA is capable of reviewing the

record and determining whether the immigration judge applied the dangerousness factors properly, considered all the evidence, and found correctly that the government carried its evidentiary burden. *See Doe v. Becerra*, No. CV 25-647-DJC (DMC), 2025 WL 1233883, at *4 (E.D. Cal. Apr. 29, 2025); *see also Aden v. Nielsen*, No. CV 18-1441-RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) ("[T]he BIA is capable of re-assessing the evidence and determining whether the government has carried its burden of demonstrating by clear and convincing evidence that [petitioner] is a current danger and must be detained."). Although Petitioner contends that his continued detention is unconstitutional under the Fifth Amendment, that claim now depends on whether the immigration judge applied the correct standard and properly found that the government carried its evidentiary burden when denying bond. If the BIA determines that the immigration judge improperly denied bond, Petitioner could ultimately be released. Consequently, although the BIA cannot directly review the constitutionality of an immigration judge's determination, BIA review may provide the relief that Petitioner seeks.

In sum, prudential exhaustion applies.

### D.    Waiver of Prudential Exhaustion

Waiver of the exhaustion requirement is not warranted. Petitioner does not establish that his appeal to the BIA would be inadequate, futile, or void. Petitioner argues that exhaustion should be waived because he challenges the constitutionality of detention itself and that each day of continued detention constitutes a continuing injury warranting habeas relief and that his ongoing detention constitutes irreparable harm. *See* Reply at 5. As to irreparable harm, Petitioner does not establish that his harm is sufficiently weighty for the Court to excuse exhaustion requirements. *See generally* Reply. Since the Court can excuse exhaustion in only "exceptional circumstances," *see Cabaccang v. U.S. Citizenship and Immigr. Servs.*, 627 F.3d 1313, 1316 (9th Cir. 2010), the Court cannot excuse exhaustion here based on the

few facts and conclusory arguments that Petitioner submits.  *See* Reply at 4–6; *see also Zuo v. Hermosillo*, No. CV 26-708-JHC, 2026 WL 809882, at \*2 (W.D. Wash. Mar. 24, 2026) ("Petitioner says that a bond appeal routinely takes a significant amount of time to resolve, but he has not shown that his detention pending appeal constitutes irreparable harm sufficient to waive the exhaustion requirement."); *contra W.T.M. v. Bondi*, No. CV 25-2428-RAJ (BAT), 2026 WL 262583, at \*3 (W.D. Wash. Jan. 30, 2026) ("Petitioner has presented evidence unique to him, that…supports a finding that his continued detention pending a potentially months-long BIA appeal of the IJ's bond denial decision would risk continued irreparable harm.").

As to futility, Petitioner has not proffered evidence that the BIA has adopted a practice that forecloses challenges to how an immigration judge exercises discretion in applying detention factors to an individual detainee's case.  *See Aden*, 2019 WL 5802013 at \*3 ("Petitioner has not demonstrated that the BIA has a specific policy of affirming IJs' bond decisions and has therefore not shown that appeal would be futile."); *see also Shamra v. Archambrault*, 2026 WL 381611, at \*2 (S.D. Cal. Feb. 11, 2026) ("The BIA clearly is empowered to reverse the Immigration Judge's determinations, including all of the errors Petitioner now alleges were made by the Immigration Judge.").  The Court therefore follows other courts in this Circuit and declines to waive the exhaustion requirement.  *See Puga v. Chertoff*, 488 F.3d 812, 816 (9th Cir. 2007) ("Consequently, because Gama Puga could, and should have, exhausted his ineffective assistance of counsel claim by filing a timely motion to reopen with the BIA when he retained new counsel, his habeas petition was not properly before the district court."); *Laing*, 370 F.3d at 1000 ("Indeed, the district court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available." (citation omitted)); *Leonardo*, 646 F.3d at 1160 ("Here, Leonardo pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper."); *Nagiyev*

*v. Warden*, Otay Mesa Det. Ctr., No. CV 25-3744-JLS (MPP), 2026 WL 945965, at *2 (S.D. Cal. Apr. 7, 2026) ("The Court follows other courts in this District and declines to waive the exhaustion requirement. Therefore, Petitioner has failed to exhaust his administrative remedies, and the present challenge is improper."); *Yu v. Noem*, No. CV 25-2040-DJC (AC), 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026) (similar).

Accordingly, the Court will not review the immigration judge's bond determination. Although the Court may elect to stay the proceedings rather than dismiss the petition, the Court declines to do so because Petitioner has not asked for a stay and given the state of the Petition and other filings, the Court likely would have to order further briefing to assess Petitioner's claims. To the extent Petitioner's due process claims challenge the February 2026 bond denial, the Court finds that exhaustion of administrative remedies is required in this case and that Petitioner has failed to establish any valid exception to the exhaustion requirement.

## V.  CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DENIED IN PART and otherwise DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

DATED: July 21, 2026

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

11